# EXHIBIT A

| Summons | CIVIL DOCKET NO. 2283-CV-00281 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Laura Willingham Plaintiff(s) vs. Hobby Lobby Stores, Inc. Defendant(s) | | Plymouth County COURT NAME & ADDRESS: Plymouth County Superior Court 72 Belmont Street |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
MAY - 3, 2022
Clerk of Court

THIS SUMMONS IS DIRECTED TO **Hobby Lobby Stores, Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Superior Court Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

### 1. You must respond to this lawsuit in writing within 20 days.

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

### 2. How to Respond.

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

   b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:

**37 Belmont St. # 803, Brockton, MA 02301**

### 3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:
www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**
You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**
The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on March 29, 2022. (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**PROOF OF SERVICE OF PROCESS**



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

Suffolk, ss.

April 20, 2022

I hereby certify and return that on 4/15/2022 at 8:40 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, agent and person in charge at the time of service for Hobby Lobby Stores Inc., at 84 State Street Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($9.60) Total: $45.90

Deputy Sheriff    Joseph Casey

Deputy Sheriff

Date:

rev. 7/21

STARLENE L. ALVES, ESQ.
PARTNER
alves@alvessantoslaw.com
ADMITTED GA, MA

SANIA S. SANTOS, ESQ.
PARTNER
santos@alvessantoslaw.com
ADMITTED MA

CHANISE ANDERSON, ESQ.
OF COUNSEL
anderson@alvessantoslaw.com
ADMITTED MA



ALVES | SANTOS, P.C.
ATTORNEYS AT LAW

April 28, 2022

Plymouth County Superior Court
72 Belmont Street
Brockton, MA 02301

Attn: Civil Clerk

Re:   Laura Willingham v. Hobby Lobby Stores, Inc.
      Plymouth County Superior Court Docket No. 2283-cv-00221

Dear Sir/Madam:

Enclosed please find the following to be filed with the Court:

1. Return of Service upon Defendant Hobby Lobby Stores, Inc.

Should you have any questions, please do not hesitate to contact me. Thank you for your attention to this matter.

Sincerely,

Sania Santos, Esq.
Alves|Santos, P.C.
T:  774-203-9751 x2
F:  774-206-2154

MAILING ADDRESS:
37 BELMONT STREET, SUITE 203
BROCKTON, MA 02301

TEL: 774.203.9751
FAX: 774.206.2154

NEW BEDFORD OFFICE:
179 WILLIAM STREET
NEW BEDFORD, MA 02740

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY: Plymouth Superior Court (Plymouth) |

| Plaintiff | LAURA WILLINGHAM | Defendant: | HOBBY LOBBY STORES, INC. |
|---|---|---|---|
| ADDRESS: | 225 TWIN LAKES DRIVE | ADDRESS: | 7701 S.W. 44TH STREET, OKLAHOMA CITY, OK 73179 |
| | HALIFAX, MASSACHUSETTS 02338 | | REGISTERED AGENT: 84 STATE STREET, BOSTON, MA 02119 |
| Plaintiff Attorney: | SANIA S. SANTOS, ESQ. | Defendant Attorney: | |
| ADDRESS: | 37 BELMONT STREET, SUITE 203 | ADDRESS: | |
| | BROCKTON, MASSACHUSETTS 02301 | | |
| BBO: | 690735 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | OTHER NEGLIGENCE | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses — $4,988.18
   2. Total doctor expenses — $5,289.00
   3. Total chiropractic expenses — $0.00
   4. Total physical therapy expenses — $939.00
   5. Total other expenses (describe below)

   Subtotal (1-5): $11,216.18

B. Documented lost wages and compensation to date — $858.60
C. Documented property damages to date — $0.00
D. Reasonably anticipated future medical and hospital expenses — $5,000.00
E. Reasonably anticipated lost wages — $0.00
F. Other documented items of damages (describe below) — $75,000.00

Pain and suffering

TOTAL (A-F): $92,074.78

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff suffered a head contusion, closed head injury, concussion, headaches, neck pain, right shoulder pain, post-concussion syndrome, right knee contusion with mild prepatellar bursitis and patellofemoral syndrome.

**CONTRACT CLAIMS**

☒ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _(signed)_    Date: March 29, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _(signed)_    Date: March 29, 2022

SC0001: 1/22/2021         www.mass.gov/courts         Date/Time Printed:03-29-2022 09:37:50

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                PLYMOUTH SUPERIOR COURT
                                             CIVIL ACTION NO.

| | |
|---|---|
| LAURA WILLINGHAM | ) |
| Plaintiff, | ) |
| v. | ) |
| HOBBY LOBBY STORES, INC. | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### THE PARTIES

1. Plaintiff, Laura Willingham, is an individual residing in the Town of Halifax, County of Plymouth, Commonwealth of Massachusetts.

2. Defendant, Hobby Lobby Stores, Inc., is a domestic corporation within the Commonwealth of Massachusetts, and having a principal place of business located at 7701 S.W. 44th Street, Oklahoma City, Oklahoma 73179, and a registered agent located at 84 State Street, in the City of Boston, County of Suffolk, Commonwealth of Massachusetts, 02119.

3. At all material times, Defendant includes and included any and all parents, subsidiaries, affiliates, divisions, franchise, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

## STATEMENT OF FACTS

4. On June 20, 2020, Plaintiff, Laura Willingham, was a customer shopping at Hobby Lobby in Braintree, Massachusetts.

5. Plaintiff was checking out at a cash register when suddenly a heavy object that was a partition between the customer and clerk for COVID-19 precaution sign and two metal bars fell on top of her head.

6. As a result of the negligence of the Defendant, Plaintiff was caused to suffer serious personal injury, great pain and suffering, mental anguish, loss wages and medical expenses.

## COUNT I – NEGLIGENCE
### Laura Willingham v. Hobby Lobby Stores, Inc.

7. The Plaintiff repeats and incorporates herein her allegations set forth in paragraphs one (1) through six (6) above.

8. Defendant, as owners and operators of the store, or through its agents or employees, failed to warn Plaintiff of the danger presented by the presence of the partition and metal bars at the check-out.

9. The incident was of a type that does not generally happen without negligence of the Defendant.

10. Plaintiff's injury was caused by an instrumentality solely in Defendant's control.

11. Plaintiff did not contribute to the object falling on top of her head.

12. Defendant failed to provide a safe place for patrons to shop and check out their purchases.

13. As a direct and proximate result of the negligence of the Defendant as set forth above, Plaintiff was seriously injured when the partition and metal bars struck her while she was in the store.

14. Defendant's negligence and carelessness was the proximate cause of Plaintiff's injuries, pain and suffering, mental anguish, loss wages and medical expenses.

WHEREFORE, Plaintiff for the above stated reasons, demands judgment against the Defendant Hobby Lobby Stores, Inc. for her injuries and full amount of her damages, plus interest, costs expenses, attorney's fees and such other and further relief as the Court deems just and appropriate.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Laura Willingham v. Hobby Lobby Stores, Inc.

15. The Plaintiff repeats and incorporates herein her allegations set forth in paragraphs one (1) through fourteen (14) above.

16. Defendant conduct caused physical harm to Plaintiff.

17. It was foreseeable that the defendant's negligent conduct would have caused the plaintiff emotional harm.

18. Plaintiff did suffer severe emotional distress and physical harm as a result of the Defendant's negligence.

WHEREFORE, Plaintiff for the above stated reasons, demands judgment against the Defendant, Hobby Lobby Stores, Inc. for her injuries and full amount of her damages, plus interest, costs expenses, attorney's fees and such other and further relief as the Court deems just and appropriate.

WHEREFORE, Plaintiff for the above stated reasons, request this Honorable court to:

a) Demand judgment against the Defendant Hobby Lobby Stores, Inc.

b) Award damages to Plaintiff in an amount determined by the court; and

c) Award, costs and attorney fees for Plaintiff.

Award such other relief as this court deems just and proper.

### JURY DEMAND

The Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendant.

Respectfully submitted,
Plaintiff, Laura Willingham,
By her Attorneys,

Sania S. Santos, Esq. BBO No. 690735
santos@alvessantoslaw.com
Starlene L. Alves, Esq. BBO No. 688869
alves@alvessantoslaw.com
Alves|Santos, P.C.
37 Belmont Street, Suite 203
Brockton, MA 02301
T: (774) 203-9751 ext. 2
F: (774) 206-2154

Date: March 29, 2022

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2283CV00221 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Laura Willingham vs. Hobby Lobby Stores, Inc. | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Hobby Lobby Stores, Inc. No addresses available | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION / DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/27/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 07/27/2022 | |
| All motions under MRCP 12, 19, and 20 | 07/27/2022 | 08/26/2022 | 09/26/2022 |
| All motions under MRCP 15 | 07/27/2022 | 08/26/2022 | 09/26/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/23/2023 | | |
| All motions under MRCP 56 | 02/22/2023 | 03/24/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/24/2023 |
| Case shall be resolved and judgment shall issue by | | | 03/28/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/29/2022 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 03-29-2022 09:51:20                                                                                SCV026\ 08/2018